UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZAH SHEPPARD,

               Plaintiff,          CIVIL ACTION NO. 07-13099

vs.                        DISTRICT JUDGE ARTHUR J. TARNOW
                               MAGISTRATE JUDGE DONALD A. SCHEER

CVS PHARMACY, INC.,
JOEL SMITH, AN UNKNOWN
STORE MANAGER, and
UNKNOWN STOCK PERSON,

               Defendants.

_____/

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

<u>RECOMMENDATION</u>:  The Amended Complaint should be dismissed *sua sponte* against

Defendants CVS Corporation, Unknown Store Manager and Unknown Stock Person for

failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

*     *     *

      Plaintiff, while a state prisoner at the G. Robert Cotton Correctional Facility in

Jackson, Michigan,[1] filed an Amended  Complaint, pursuant to 42 U.S.C. § 1983, on

November 29, 2007, against CVS Pharmacy, Inc., and three drug store employees.  The

Amended Complaint alleges that Defendant Joel Smith, a loss prevention officer employed

by the drug chain, and two unnamed store employees assaulted him on August 23, 2005,

after accusing him of concealing merchandise.  Plaintiff seeks injunctive and declaratory

relief as well as monetary damages.

_____

       [1]Plaintiff is currently incarcerated at the Gus Harrison Correctional Facility in Adrian,
Michigan.

<u>SUMMARY DISMISSAL OF CVS PHARMACY and UNNAMED STORE EMPLOYEES</u>

Plaintiff has been granted *in forma pauperis* status. Under the PLRA, the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 19979(e); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. <u>Denton v. Hernandez</u>, 504 U.S. 35, 31 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Therefore, a plaintiff must demonstrate that the conduct which caused his alleged injuries is "fairly attributable to the State" in order to state a civil rights claim under § 1983. See <u>Lugar v. Edmondson Oil Co</u>., 457 U.S. 922, 937 (1982).

Defendant CVS Pharmacy, Inc., a private corporation that was not alleged to have been carrying out a governmental function at the time of the incident, as well as the two unnamed CVS store employees, identified as the store manager and a stock person, should be dismissed because they are private parties and not state actors[2]. Plaintiff has

---

[2]Alternatively, Plaintiff avers that he is suing CVS Pharmacy, Inc., under the theory of respondeat superior. Plaintiff alleges that the company was responsible for his injuries because it exercised supervisory authority over the daily functions of the drug store. It is well established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. The Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. <u>Rizzo v. Goode</u>, 423 U.S. 362, 376 (1976); <u>Poe v. Haydon</u>, 853 F.2d 418, 429 (6th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1007 (1989).

thus failed to state a claim upon which relief may be granted under § 1983 as to these defendants, and his amended civil rights complaint against them should be summarily dismissed before service of process. Given this recommendation, Plaintiff's Motion to Access Costs Associated With Service of Process against Defendant CVS (Docket #29) should also be denied.

<u>CASE ALLOWED TO GO FORWARD AGAINST LOSS PREVENTION OFFICER SMITH</u>

Plaintiff asserts that Defendant Smith, identified in the Amended Complaint as a private security officer, stopped him from exiting the drug store and escorted him back to the office of the store manager. Plaintiff claims that Defendant Smith allegedly "beat him into submission on the ground into a fetal position" and then handcuffed him. Plaintiff maintains that he suffered serious injuries as a result of the physical assault.

As stated above, to successfully establish a prima facie case under section 1983, a civil rights plaintiff must prove that the defendant acted under color of state law and deprived the plaintiff of rights secured by federal law. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981). On August 9, 2007, Plaintiff was ordered to Show Cause in writing by August 31, 2007, why this case should not be dismissed for failure to show that any of the defendants acted under color of law.

Plaintiff filed a response to the Order to Show Cause on October 13, 2007, stating that Defendant Smith allegedly identified himself as a Detroit Police officer when stopping him from leaving the drug store (See Paragraph 2 of Response at Docket #4). Plaintiff acknowledges in the Amended Complaint, however, that Defendant Smith was not on-duty as a Detroit policeman when he allegedly assaulted him. Defendant Smith was instead working in his off duty hours as a loss prevention officer for the retail pharmacy chain.

Courts have held that off-duty police officers act under the color of state law when they purport to exercise official authority. Such manifestations of official authority include flashing a badge, identifying himself as an officer, or arresting (or threatened to arrest) someone. <u>Parks v. City of Columbus</u>, 395 F.3d 643, 652 (6th Cir. 2005)(holding that an off-duty police officer acted under color of state law when he threatened a citizen with arrest at a local festival).

Defendant Smith has not yet been successfully served with the Amended Complaint by the U.S. Marshall. On October 3, 2008, the summons sent to Smith was returned unexecuted (Docket #26). Until Defendant Smith is properly served, and discovery ensues, it is not yet possible to determine whether the loss prevention officer was acting under the color of state law at the time he allegedly stopped Plaintiff from leaving the pharmacy.

For the foregoing reasons, it is recommended that the Amended Complaint against CVS corporation, the unknown store manager and unknown stock person should be dismissed, sua sponte, for failure to state a claim upon which relief may be granted. The case should be allowed to proceed against loss prevention officer Smith, since he may have been acting under color of state law at the time of the alleged incident.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

<u>s/Donald A. Scheer</u>
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: October 30, 2008

**CERTIFICATE OF SERVICE**

I hereby certify on October 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 30, 2008: **Elizah Sheppard.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217