UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZAH SHEPPARD,

    Plaintiff,        CIVIL ACTION NO. 07-13099

vs.        DISTRICT JUDGE ARTHUR J. TARNOW
        MAGISTRATE JUDGE DONALD A. SCHEER

CVS PHARMACY, INC.,
JOEL SMITH, AN UNKNOWN
STORE MANAGER, and
UNKNOWN STOCK PERSON,
DAVID THOMAS,

    Defendants.
    _____/

## ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL

This cause comes before the Court on Plaintiff's Renewed Application For Appointment of Counsel dated November 7, 2008 (Docket #32). The decision to appoint counsel for an indigent litigant is within the discretion of the district court. LaBeau v. Dakota, 815 F.Supp. 1074, 1076 (W.D. Mich. 1993) (citing Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985), cert. denied, 474 U.S. 1036 (1985)). Appointment of counsel is not a constitutional right. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). This discretion rests upon a consideration of all the circumstances of the case, including the plaintiff's finances, his efforts to obtain counsel, and most importantly, whether the plaintiff's case appears to be meritorious. Henry at 760.

The Court has no funds to pay attorney fees for an indigent litigant in civil matters. In his renewed application for appointment of counsel, Plaintiff did not provide any information on whether he is currently employed, has money in a savings account, or

whether he has any dependents to support. Moreover, a Report and Recommendation is currently pending recommending the dismissal of all but one defendant for failure to state a cause of action (Docket #31). The remaining defendant has not yet been successfully served with the Amended Complaint. Appointment of counsel would be premature until service is completed and the validity of Plaintiff's claim is determined. Accordingly, Plaintiff's Renewed Application for Appointment of Counsel is DENIED.

The parties to this action may object to and seek review of this Order but are required to act within ten (10) days of service of a copy hereof as provided for in Fed.R.Civ.P. 72(a) and E.D.Mich.LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Fed.R.Civ.P. 72. Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Order. Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of any objection is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

SO ORDERED.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: November 19, 2008

___

**CERTIFICATE OF SERVICE**

I hereby certify on November 19, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 19, 2008: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217