**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELIZAH SHEPPARD,

Plaintiff,

v.

CVS PHARMACY, *et al.*,

Defendants.
_______________________________________/

Case No. 07-13099

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
DONALD A. SCHEER

**ORDER**

**ACCEPTING REPORT AND RECOMMENDATION [31];**

**VACATING IN PART THIS COURT'S ORDER [10] OF NOVEMBER 29, 2007;**

**DENYING PLAINTIFF'S MOTION TO ASSESS COSTS [29];**

**AND**

**DISMISSING CASE**

Before the Court is the Magistrate Judge's Report and Recommendation [31] of October 30, 2008. The Report and Recommendation recommended that Plaintiff's Amended Complaint [20] against CVS corporation, an unknown store manager and an unknown stock person, be dismissed *sua sponte* for failure to state a claim upon which relief can be granted. On November 7, 2008, Plaintiff filed an Objection [33], and on November 24, 2008, Defendants filed a Response [36].

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

*A. Recommendation as to Sua Sponte Dismissal*

First, Plaintiff objects to the Magistrate's finding that this action against corporate defendant CVS and its two store employees should be dismissed because none of those defendants are state actors as required to sustain a claim under 42 U.S.C. §1983.

Plaintiff suggests that he can prove state action under the "public function" doctrine, under which "state action [may be] present in the exercise by a private entity of powers traditionally

exclusively reserved to the State." *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). The "public function" test has been met in limited circumstances when private entities have engaged in such state-like activities as conducting elections (*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978)), taking privately owned property under the authority of eminent domain (*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974)), or operating every aspect of a company-owned town (*Marsh v. Alabama*, 326 U.S. 501 (1946)). Defendants also acknowledge the Sixth Circuit's holding that the "public function" test may be satisfied when security guards are "licensed under [Michigan] state law as 'private security police officer[s],'" so as to be vested by the State with *de facto* police powers of arrest. Defendants note, however, that neither CVS nor its two store employees were licensed under state law, nor were they otherwise endowed with plenary police powers.[1]

The Court agrees that no amount of discovery could establish that CVS and its two store employees were state actors performing a governmental function, in the demanding sense of the "public function" doctrine, at the time of this incident. Therefore, the Court **ACCEPTS** the Magistrate's recommendation that this action be summarily dismissed as to Defendants CVS and its two unnamed store employees.

*B. Recommendation as to the Imposition of Costs*

Second, Plaintiff objects to the R&R's recommendation that the Court deny Plaintiff's Motion [29] to assess costs associated with the service of the summons and complaint in this action. Defendants respond that, in light of the recommendation that the Court *sua sponte* dismiss this action as to Defendants for failure to state a claim, Defendants should not be required to pay the costs associated with service of process.

---

[1] The Report and Recommendation recommended that this case be allowed to proceed against a fourth defendant, Joel Smith, who was working at CVS as a security officer at the time of this incident. Smith physically executed Plaintiff's arrest, and as a security guard, Smith might arguably have acted under color of state law. However, defendant Smith has not been served with the complaint. Furthermore, Defendants aver that Smith was employed not by CVS, but by an independent contractor. To the extent that Plaintiff's §1983 claim against CVS is based on a theory of vicarious liability, it cannot be sustained as a matter of law. *See Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982) (establishing the general principle that a supervisory official's failure to supervise, control, or train the offending individual cannot form the basis of a §1983 claim).

The following procedural history has led to Plaintiff's Motion to Assess Costs [29]. On July 24, 2007, the case was transferred [1] from the Western District, where it was originally filed, to this Court. The Court ordered [2] Plaintiff to show cause why the complaint should not be dismissed, and Plaintiff timely responded [4]. On October 30, 2007, Plaintiff moved to proceed without prepayment of costs [7], for the Court to direct service upon the defendants [6], and to file an amended complaint [8]. On November 29, 2007, the Court issued an Order [10] which permitted Plaintiff to file an amended complaint, and which directed the U.S. Marshal to serve the complaint on Defendants without prepayment of costs; the Order specified that "[t]he Marshal may collect the usual and customary costs from Plaintiff *after* effecting service" (emphasis added).

On December 6, 2007, the U.S. Marshal mailed to Defendants a copy of the complaint and a Request for Waiver of Service of Summons [15]. The waiver was returned unexecuted on April 1, 2008. Subsequently, on June 13, the Court sent the complaint to Defendants, but apparently the service did not include a summons as required by F.R.C.P. 4(c)(1); Defendants therefore moved [19] for the Court to quash service of process and to dismiss the complaint without prejudice.

In an Order [21] issued on September 5, 2008, the Court denied Defendants' motion to dismiss but, agreeing that no summons had been served with the complaint, the Court granted Defendants' motion to quash. The Court then directed service upon Defendants of the Amended Complaint [20], the summons, and the Order [21]. Defendants acknowledged receipt [25] of the summons and complaint on September 16, 2008, and filed an Answer [27] on October 6, 2008.

On October 20, 2008, Plaintiff filed this Motion to Assess Costs [29]. Therein, Plaintiff argues correctly that, by definition, he was not obliged to enclose a summons with his original Request for Waiver of Service of Summons [15]. Noting Defendants' failure to execute the waiver, Plaintiff accurately cites F.R.C.P. 4(d)(2), which provides, in relevant part, that:

> [i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service.

Plaintiff emphasizes that the rule's language is mandatory, requiring that the Court *must* impose costs upon a defendant who, absent a showing of good cause, refuses to waive service. Here, however, the costs of service have been incurred not by Plaintiff, but by the U.S. Marshal

service.

To the extent that this Court's Order [10] of November 29, 2007, specified that "[t]he Marshal may collect the usual and customary costs from Plaintiff after effecting service," that Order is **VACATED**. There is no indication that the Marshal has sought to collect compensation for the costs of service, but any such effort should be directed towards Defendants.

Plaintiff's Motion to Assess Costs [29] seeks additional compensation for Plaintiff's costs incurred in "replying to [Defendants'] original and unnecessary Motion to Quash, as well as the bringing of the instant motion." Defendants' Motion to Quash [19] was not unnecessary, but was in fact a proper response to Defendants' receipt from this Court of a complaint without an accompanying summons. Furthermore, Plaintiff's Motion to Assess Costs *was* unnecessary, insofar as there has been no attempt to collect costs from Plaintiff, and Plaintiff has no standing to argue for an award of costs on behalf of the U.S. Marshal. For these reasons, Plaintiff's Motion to Assess Costs [29] is **DENIED**.

## CONCLUSION

The Court has reviewed the docket, the Report and Recommendation [31], Plaintiff's Objection [33], and Defendant's Response [36]. Being fully advised in the premises, the Court **ACCEPTS** the Report and Recommendation's threshold finding that this § 1983 action cannot be sustained against Defendants CVS and its two store employees. Security officer Joel Smith, the only potentially viable Defendant, was never successfully served with the complaint. Therefore:

**IT IS ORDERED** that this action is **DISMISSED** in its entirety. As to the question of costs:

This Court's Order [10] of November 29, 2007, is hereby **VACATED** only insofar as it authorized the U.S. Marshal to collect from Plaintiff compensation for the costs incurred in serving the complaint in this action. Finally,

**IT IS ORDERED** that Plaintiff's Motion to Assess Costs [29] is **DENIED**.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: December 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and **Elizah Sheppard** #170539, 20525 Lauder, Detroit, MI 48235 on December 31, 2008, by electronic and/or ordinary mail.

S/LISA WARE FOR THERESA E. TAYLOR
Case Manager