UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZAH SHEPPARD,

    Plaintiff,

                                Case No.  07-13099

v.

                                HONORABLE ARTHUR J. TARNOW

CVS Pharmacy, Inc. et al.,         SENIOR UNITED STATES DISTRICT JUDGE

    Defendants.

    _____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [40]

Before the Court is Plaintiff's Motion for Relief from Judgment [40].

I. Background

On October 30, 2008, Magistrate Judge Scheer issued a Report & Recommendation (R & R) [31] recommending a *sua sponte* dismissal of Plaintiff's claims against Defendant's CVS Corporation, Unknown Store Manager, and Unknown Stock Person.  Dkt. [31], at 1.  On November 7, 2008, Plaintiff filed an Objection to the R & R [33].  Defendant Arbor Drug, Inc. Filed a Response [36].  On December 31, 2008, this Court issued an Order [37] Accepting the R & R and Dismissing the Case.  Judgment was entered, dismissing the case. [38].  Plaintiff now requests relief from the judgment. [40].

II. Standard of Review

Under Federal Rule of Civil Procedure 60(b), a court may grant relief from judgment if there is an adequate showing of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; void judgment; satisfaction, release, or discharge of judgment; and for any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6).  Relief should only be afforded in unusual circumstances where the principles of equity mandate relief.  *Olle v. Henry*

*& Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  A Rule 60(b) motion may not be used as a substitute for an appeal.  *Hart v. Lutz*, 102 Fed. App'x. 10, 12 (6th Cir. 2004).  A motion for relief under subsection (b)(1) must be filed "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

III. Analysis

Plaintiff's requests relief from Judgment entered on December 31, 2008.  Plaintiff's Motion for Relief from Judgment was not filed until March 15, 2011, nearly two and a half years later.  Plaintiff claims that he was transferred to a different correctional facility and did not receive the judgment until December 14, 2010.  Pl.'s Br. [40], at 2.  The Court finds that this motion is timely, as it was filed only a few months after Plaintiff received a copy of the judgment.

Nevertheless, Plaintiff does not qualify for relief from judgment.  Plaintiff does not explicitly state under which subsection of Rule 60(b) he claims relief.  Plaintiff has not shown any reason to grant relief from judgment.  Plaintiff attempts to use the present Motion for Relief from Judgment as a substitute for appeal.  Plaintiff simply restates arguments he raised in his Objection [33] to the Magistrate Judge's Report & Recommendation [31].  This Court addressed those Objections in its Order [37].

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment [40] is **DENIED**.

**SO ORDERED.**

Dated: May 3, 2011        S/ARTHUR J. TARNOW
                          Arthur J. Tarnow
                          Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon

Elizah Sheppard (170539)
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI   49036


and counsel of record on May 3, 2011, by electronic and/or ordinary mail.

                         S/MICHAEL L. WILLIAMS
                         Relief Case Manager